United States District Court
Southern District of Texas

**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| QUINCY WHITE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00353 |
| | § | |
| MARK BOMBICK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendants U.S. Bank Trust Company, National Association, as Indenture Trustee, as successor-in-interest to U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Wachovia Bank National Association, as Indenture Trustee for Aegis Asset Backed Securities Trust 2004-6, Mortgage Backed Notes ("Trustee"); and PHH Mortgage Corporation. *See* Dkt. 15. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted.

### BACKGROUND

This dispute concerns the attempted foreclosure of 2530 Mango Court, League City, Texas 77573 (the "Property"). Plaintiff Quincy White purchased the Property in 2004 with a loan secured by a deed of trust, which names Aegis Funding Corporation as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *See* Dkt. 17 at 27.

On September 4, 2007, MERS foreclosed the original deed of trust and purchased the property while White was in forbearance. On January 9, 2008, the sale was rescinded with no renewal on record.

On August 14, 2025, a Notice of Substitute Trustee Sale was posted on the Property. *See id.* at 45–47. According to the Notice, "the current mortgagee of the note and deed of trust" is "U.S. Bank Trust Company, National Association, as

Indenture Trustee, as successor-in-interest to U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Wachovia Bank National Association, as Indenture Trustee for Aegis Asset Backed Securities Trust 2004-6, Mortgage Backed Notes." *Id.* at 45. PHH is the mortgage servicer.

On October 7, 2025, White filed an emergency petition and application for temporary restraining order in the 405th District Court of Galveston County seeking to halt the planned foreclosure sale and asserting claims for violations of the Texas Property Code, the Texas Business and Commerce Code, and the Texas Debt Collection Act ("TDCA"). White also sought a declaratory judgment that "the supposed Deed of Trust is not a Promissory note" and that "the deed of trust was extinguished with the recession [sic] and an agreement is need[ed] to revive it." Dkt. 1-3 at 7. White named as defendants the Trustee, PHH, Mark Bombick, and AVT Title Services, LLC.[1] *See id.* at 2. On October 24, 2025, the Trustee and PHH removed the case to federal district court based on diversity jurisdiction. In their notice of removal, the Trustee and PHH argue that the citizenship of Bombick and AVT should be disregarded for the purposes of determining diversity jurisdiction because White cannot state a claim against Bombick or AVT.

On October 31, 2025, the Trustee and PHH filed a motion to dismiss to which White never responded. *See* Dkt. 5. At the December 10, 2025 initial scheduling conference, I gave White leave to file an amended complaint by January 9, 2026. White did not file an amended complaint. On January 30, 2026, the

---

[1] White also mentioned Power Default Services, Inc. in the opening paragraph of his state court petition. *See* Dkt. 1-3 at 2. Unlike Bombick and AVT, however, Power Default is not named as a defendant in the style of White's state court pleading and is not mentioned again anywhere in the pleading. The court does not believe that White intended to sue Power Default. Presumably, Defendants do not believe that White intended to sue Power Default either, because Defendants do not mention Power Default in their notice of removal. But to the extent that White did intend to sue Power Default, then Power Default's citizenship should be disregarded for the same reason, explained below, that Bombick and AVT's citizenship should be disregarded: White fails to advance any allegations as to Bombick, AVT, or Power Default.

Trustee and PHH renewed their motion to dismiss. *See* Dkt. 15. On May 13, 2026, this case was referred to me for all pretrial purposes.

**SUBJECT MATTER JURISDICTION**

Before reaching the merits of the pending motion to dismiss, I must address whether this court has jurisdiction. Defendants removed this case to federal court based on diversity jurisdiction. *See* Dkt. 1 at 2. White is a citizen of Texas. The Trustee, a national bank, is a citizen of Minnesota because that is where its main office is located. PHH is a citizen of New Jersey because that is the state of its incorporation and the state of its principal place of business. Defendants do not contend that Bombick or AVT are diverse in citizenship from White. Rather, Defendants argue that Bombick and AVT are improperly joined such that their presence in the suit does not destroy complete diversity. *See id.* at 4.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). Parties "may neither consent to nor waive federal subject matter jurisdiction." *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Where jurisdiction is in question, federal courts must "examine the basis of jurisdiction sua sponte, even on appeal." *Id.*

The doctrine of improper joinder permits a federal district court to exercise diversity jurisdiction, even though there is not complete diversity of citizenship between plaintiffs and defendants, by disregarding the citizenship of improperly joined defendants. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quotation omitted). Defendants argue that the latter applies here. Specifically, Defendants contend that White "fails to identify any wrongdoing by [Bombick or AVT] as opposed to [Defendants]." Dkt. 1 at 4.

3

In reviewing White's operative pleading, Bombick's name appears only twice, and only on the first page, merely identifying Bombick as a defendant. *See* Dkt. 1-3 at 2. Likewise, AVT's name appears only three times and only to identify AVT as a defendant. *See id.* at 2–3. White does not advance a single factual allegation or claim against Bombick or AVT. Accordingly, Bombick and AVT are improperly joined parties whose citizenship can be disregarded for diversity purposes. They should be dismissed from this case. Having concluded that diversity jurisdiction exists, I turn to the merits of the motion to dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal when the opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). Legal conclusions, however, are not entitled to the same presumption of truth. *See Iqbal*, 556 U.S. at 680.

## ANALYSIS

### A.    TEXAS PROPERTY CODE VIOLATION

White never identifies in his pleading which sections of the Texas Property Code Defendants allegedly violated. All White says is that Defendants violated the

Texas Property Code because "all transfers of the lien were not recorded." Dkt. 1-3 at 5. But as the Fifth Circuit has explained:

> It matters not that the Texas Property Code defines "mortgagee" to include "the last person to whom [the deed of trust] has been assigned *of record,*" as this definition is not exhaustive and applies only "*if* the [deed of trust] has been assigned of record." *See* Tex. Prop.Code § 51.0001(4). The definition of "mortgagee" also includes "the grantee, beneficiary, *owner, or holder* of [the deed of trust]," *see id.* (emphasis added), a definition broad enough to accommodate assignees who fail to record.

*Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 227 n.25 (5th Cir. 2013). Because "assignees who fail to record" are still recognized mortgagees under the Texas Property Code, it is irrelevant that transfers of the lien were not recorded.[2]

White also states that he "has reason to believe that the mortgagee listed on the above referenced Notice of Foreclosure Sale is not the current Holder in Due Course and Holder of any Original Note." Dkt. 1-3 at 6. As an initial matter, "has reason to believe," without more, is the very definition of a conclusory allegation that deserves no credit when evaluating a motion to dismiss. *See Iqbal*, 556 U.S. at 679. In any event, to the extent White believes that the Trustee is not the current noteholder and thus lacks authority to foreclose, "[n]umerous district courts in Texas have held that borrowers [generally] do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments."

---

[2] *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) ("the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded"); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) (collecting cases and observing: "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments."); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) ("The failure to . . . record the assignment of the deed of trust when it was executed, and the foreclosure before the assignment was recorded, do not as a matter of law give rise to a . . . claim."). Nor has Texas law ever required the recording of assignments of a promissory note. *See KCB Equities, Inc. v. HSBC Bank USA, Nat'l Ass'n*, No. 05-10-01648-CV, 2012 WL 1985899, at *2 (Tex. App.—Dallas June 4, 2012, no pet.) ("KCB offers no authority, and we have located none, that requires the recording of assignments of a Note.")

*McLemore v. CitiMortgage, Inc.*, No. 3:12-cv-713, 2013 WL 775350, at *3 (N.D. Tex. Feb. 8, 2013) (quotation omitted). The only two exceptions to this rule are when the assignment is void or when "a defendant [is] sued on a negotiable instrument to assert defenses and claims held by others." *Id.* (quotation omitted). White does not assert that either circumstance applies here. Accordingly, White's claim for violation of the Texas Property Code must be dismissed.

**B.    TEXAS BUSINESS AND COMMERCE CODE**

White also fails to identify which sections of the Texas Business and Commerce Code Defendants allegedly violated. The crux of White's argument is that Defendants "have not shown that they are the 'Holder' of the Note or 'Holder in Due Course' and have no right to attempt to enforce such Note." Dkt. 1-3 at 6. This is known as a "show-me-the-note" theory. White also alleges that "Defendants have failed to provide an accounting since November 22, 2004 to date to account for the lawful application of payment in accordance to a valid contract and Texas constitution." *Id.* Neither of White's arguments is availing.

"The courts [across the country] . . . have roundly rejected this [show-me-the-note] theory and dismissed the claims, because foreclosure statutes simply do not require possession or production of the original note. The 'show me the note' theory fares no better under Texas law." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (quotation omitted). To the extent that White is arguing instead that Defendants have failed to show their *authority* to foreclose, his "bare allegation that [Defendants] lack[] authority to foreclose fails to raise a reasonable inference that [Defendants] engaged in any wrongdoing with respect to the [notice of] foreclosure." *Bennett v. JPMorgan Chase*, No. 3:12-cv-212, 2013 WL 655059, at *5 (N.D. Tex. Feb. 5, 2013). "As the servicer of [White]'s mortgage, [PHH] could foreclose on the Property without producing the note or deed of trust." *Id.* Because the Notice identifies PHH as the mortgage servicer, and White "does not claim that [PHH] was not the . . . mortgage servicer on the

6

mortgage loan, . . . his claims are subject to dismissal for failure to state a claim." *Id.* (quotation omitted).

I admit that it seems counterintuitive at first to say that where the entity seeking to foreclose is not listed on the note or deed of trust, that entity need not explain to the mortgagor why it has authority to foreclose on his property. To the extent White challenges defects that would render an assignment merely voidable rather than void, those defects belong to the parties to the assignment, not White. White's primary defense to foreclosure would be that he is not in default, an argument he does not make here. White could also challenge the foreclosure if the assignment to the Trustee was void, but White does not make that argument either. *See Onyekwere v. Bank of Am., N.A.*, No. 3:13-cv-2557, 2014 WL 1032447, at *5 (N.D. Tex. Mar. 18, 2014) ("While it is well-settled in Texas that an obligor cannot defend against foreclosure efforts on grounds that merely render an assignment voidable, it is also well-settled that an obligor may defend on any ground which renders the assignment void."). For these reasons, White fails to state a violation of the Texas Business and Commerce Code.

## C.   ACCOUNTING

White claims that "Defendants have failed to provide an accounting since November 22, 2004 to date to account for the lawful application of payment in accordance to a valid contract and Texas constitution." Dkt. 1-3 at 6. It is unclear under the law "[w]hether an accounting is only an equitable remedy or also an independent cause of action." *Donnelly v. JP Morgan Chase, NA*, No. H-13-1376, 2014 WL 429246, at *3 (S.D. Tex. Feb. 4, 2014). To the extent that an accounting is an independent cause of action, it is unclear whether White intends to state a claim for an accounting, as it is not listed as a cause of action in his pleading. *See* Dkt. 1-3. In any event, if I construe White's pleading generously and assume that he intends to state an accounting claim, such a claim still fails because an accounting "is appropriate only 'when the facts and accounts presented are so complex that adequate relief may not be obtained at law.'" *Donnelly*, 2014 WL

429246, at \*3 (quoting *Hutchings v. Chevron USA, Inc.*, 862 S.W.2d 752, 754 (Tex. App.—El Paso 1993, writ denied)). Here, as in *Donnelly*, White "has not pleaded any basis to support an inference that the documents []he seeks cannot be obtained through ordinary procedures" or "that this case is so complex that adequate relief cannot be obtained at law." 2014 WL 429246, at \*4. Thus, Defendants are entitled to dismissal of White's claim for an accounting, assuming he intended to bring such a claim.

## D.    TDCA

White claims that Defendants have violated the TDCA by attempting to collect on the Note without the authority to do so. *See* Dkt. 1-3 at 7. This is merely a reiteration of White's "show-me-the-note" or "show-me-your-authority" theories, which courts have also rejected as applied to the TDCA. *See Lopez v. PHH Mortg. Corp.*, No. SA-21-cv-00754, 2021 WL 5771874, at \*5 (W.D. Tex. Dec. 2, 2021) ("To the extent that Plaintiffs intend to argue that any attempt to initiate a non-judicial foreclosure is fraudulent by virtue of Defendant's failure to produce the original, wet-ink Note, their claim under the TDCA fails because, as explained above, Texas law does not recognize the 'show-me-the-note' theory."); *Davis v. U.S. Dep't of Hous. & Urb. Dev.*, No. 4:20-cv-320, 2020 WL 3640545, at \*4 (N.D. Tex. July 6, 2020) ("[N]onjudicial foreclosure by a debt collector does not violate the Finance Code.").

Setting aside the futility of the "show-me-the-note" or "show-me-your-authority" theories, White's TDCA claim also fails because his pleading "does not contain any specific allegations as to how PHH [or the Trustee] violated the TDCA, such as describing [their] fraudulent, deceptive, or misleading representations." *Lopez*, 2021 WL 5771874, at \*5. Thus, Defendants are entitled to dismissal of White's TDCA claim.

## E.    WHITE'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

White requests declaratory and injunctive relief. *See* Dkt. 1-3 at 7–8. Requests for declaratory and injunctive relief must be tied to a viable cause of

action. Because White fails to state a claim, his requests for declaratory and injunctive relief necessarily fail. *See Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 793 (E.D. Tex. 2019) ("[B]ecause Plaintiff has failed to state any valid causes of action against Defendant, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive fails as a matter of law."); *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 856 (S.D. Tex. 2018) ("Plaintiffs' claims for declaratory and injunctive relief are derivative of their other claims, and if the other claims are dismissed, so too must the claims for declaratory and injunctive relief be dismissed.").

## F.    LEAVE TO AMEND

White requests "that he be entitled to amend the complaint" if the court dismisses his claims. Dkt. 17 at 4. At a December 10, 2025 initial scheduling conference, I gave White leave to file an amended complaint by January 9, 2026. White did not file an amended complaint. In response to the motion to dismiss, White's counsel attempts to explain her failure to file an amended complaint:

> White's counsel intended to amend the complaint and attempted to on January 9, 2026, but she could not figure out how to file the document in the system. She messaged Defendants' counsel and asked if they were opposed to an extension to file an amendment and did not receive a response. Then, with help, a few days later she thought that the amended complaint was filed. It was not until she received Defendant's renewed motion to dismiss, that she realized that it was not filed. Nevertheless, White asserts that he did plea a claim for which relief may be granted but intends to amend the complaint for clarity and to supplement the claims. If the court dismisses the claims, Plaintiff request that he be entitled to amend the complaint.

Dkt. 17 at 4. White's counsel has known *for more than six months* that White's amended complaint was not filed, yet she has never requested leave to file an amended complaint late. Such conduct is inexcusable.

I am loath, however, to punish a client for his lawyer's sins. Moreover, the Fifth Circuit prefers that "plaintiffs facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024). Because White has never amended his complaint, I recommend that he be given one week from the entry of the court's order adopting this memorandum and recommendation to file an amended complaint.

## CONCLUSION

For the reasons discussed above, I recommend that Defendants' motion to dismiss (Dkt. 15) be granted without prejudice and that White be given one week from the date the court's order adopting this memorandum and recommendation is issued to file an amended complaint.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___1st___ day of July 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE